ALEXANDER HANCOCK, RESPONDENT, *v.* CHARLES W. SEARS, APPELLANT.

*Supplementary proceedings — earnings of a judgment debtor — in order to justify his expending them after an injunction is obtained, it is necessary for him to obtain an order declaring them exempt — Code of Civil Procedure, sec. 2463.*

When, in proceedings supplementary to execution, an order is made requiring the defendant to appear and be examined, and forbidding him from making or suffering any transfer or other disposition of, or interference with, his property, not exempt from levy and sale by virtue of an execution, until the further direction of the court in the premises, he has no right to collect and use wages due to him for services rendered within the sixty days preceding the institution of the proceedings, and is guilty of a contempt of court if he does so.

If he desire to avail himself of the exemption created by section 2463 of the Code of Civil Procedure, he should make it appear to the court or judge, by his own oath or otherwise, that such earnings are necessary for the use of a family wholly or partly supported by his earnings and apply to have the order modified or annulled in so far as it restrains him from collecting or using the said wages.

APPEAL from an order in proceedings supplementary to execution, made September 12, 1882, by the county judge of Erie county, adjudging the defendant guilty of contempt in having violated an order made in such proceedings August 30, 1882.

By the order of August 30, 1882, defendant was "forbidden making or suffering any transfer or other disposition of or interference with the property of said Charles W. Sears, not exempt from levy and sale by virtue of an execution, until further direction in the premises."

The restraining order was served personally August 31, 1882. September 4, 1882, defendant received as wages for the month of August, as telegraph operator for the Western Union, forty-one dollars and sixty-eight cents.

He was examined upon the return day of the order, September 7, 1882, and disclosed that he had collected such wages as aforesaid.

September 7, 1882, the county judge granted an order to show cause why defendant should not be adjudged in contempt, returnable September 11, 1882.

On the return of that order, defendant personally appeared and asked to have an adjournment to September 12, 1882, and such adjournment was granted. He then appeared in person and by counsel, and presented an affidavit showing that the moneys so collected were earnings, and that he had a wife and two children, and the wages were used for their support and were "necessary for the use of his family supported by him."

Defendant was adjudged guilty of contempt and fined thirty-five dollars, and he now appeals from the order.

*Joseph P. Carr*, for the appellant.

*George W. Wheeler*, for the respondent.

HARDIN, J. :

Whatever irregularities were existing in respect to the order to show cause, were waived by an omission to take advantage of them at the first opportunity.

When the defendant appeared upon the return of the order to show cause and asked for an adjournment, the judge had jurisdiction of the subject-matter and of the person of the defendant.

In *Newell* v. *Cutler* (19 Hun, 74) we held that the defendant had no right to violate a restraining order by interfering with his wages, even 'for the support of his family, in the absence of an order permitting him to do so.

In *Miller* v. *Hooper* (19 Hun, 395) it was held that an order should be allowed adjudging wages exempt and restraining a receiver from taking proceedings to collect them.

But it is now insisted that section 2463 of the Code of Civil Procedure has changed the practice, as we declared it to be under section 297 of the old Code.

The appellant contends that by the new section "the earnings are placed upon the same footing as exempt property, that the county judge had no jurisdiction to prohibit the use of so much of such earnings as the debtor could show was necessary for the support of his family."

A plain answer to the position and argument is found in the new section, when read in connection with section 2451, which confers a general power upon the judge in respect "to the property of the judgment debtor." Section 2463 declares the power shall not be exercised in certain specified cases.

Among them is the case of a debtor's personal earnings for or " services rendered within sixty days next before the institution of the special proceedings, when it is made to *appear by his oath* or otherwise that those earnings are necessary for the use of a family wholly or partly supported by his labor."

When the restraining order was made, no such fact appeared by *the oath* of the debtor or otherwise.

The order was therefore made within the general power conferred, and it was the duty of the debtor to obey it till he made it appear by his oath or otherwise "that the earnings were necessary for his family. Then he could invoke the powers of the judge to modify or annul the order so far as it restrained his use of his services or earnings within the sixty days" next before the institution of the special proceedings." * * *

Technically, the order was valid and should have been obeyed. (*Miller* v. *Hooper, supra ; Shults* v. *Andrews*, 54 How., 378.)

The order adjudging the defendant in contempt must be affirmed.

The question is new under the Code of Civil Procedure, and we may therefore properly affirm, without costs.

SMITH, P. J., and HAIGHT, J., concurred.

Order affirmed, without costs.